## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Kylie J. Golden, <br><br>     Plaintiff, <br> v. <br><br> First Credit Services, Inc. , <br> d/b/a Accounts Receivable Technologies, <br><br>     Defendant. | <br><br> **<u>COMPLAINT</u>** <br><br><br> **<u>JURY TRIAL DEMANDED</u>** |

### <u>JURISDICTION</u>

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.  Injunctive relief is available pursuant to the TCPA.

2. This action arises out of Defendant's repeated violations the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq*.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### <u>PARTIES</u>

4. Plaintiff Kylie J. Golden (hereinafter "Plaintiff") is a natural person who resides in Vergennes Township, County of Kent, State of Michigan, and is a "consumer" as that terms is defined by M.C.L. § 445.251(d).

5.     Defendant First Credit Services, Inc., doing business as Account Receivable Technologies, (hereinafter "Defendant") is a collection agency operating from a corporate office address of One Woodbridge Center, Suite 410, Woodbridge, Jersey 07095, with its domestic registered agent being CSC Lawyers Incorporating Service (Company), 601 Abott Road, East Lansing, Michigan.

6.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.     Defendant is a "collection agency" as that term is defined by M.C.L. § 445.251(b).

8.     Defendant and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

9.     At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

10.    At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

11.    The Defendant at all times relevant to the complaint herein engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

12.    The Defendant at all times relevant to the complaint herein engaged in "interstate communications" at 47 U.S.C. § 153(28).

13.    At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

14.     At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15.     At all times relevant to this complaint, the Defendant was and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

16.     On or around September of 2009 Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by M.C.L. § 445.251(a), namely a personal debt related to a vehicle lease agreement with GMAC.

17.     On or about April 2, 2010, Defendant began its attempts to collect from Plaintiff a financial obligation.

18.     Shortly thereafter, Defendant began calling Plaintiff's cell phone, ending in 1196, using "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1).

19.     On April 13, 2010, during a phone call that Defendant originated, Plaintiff informed Defendant that she had attorney representation with respect to the alleged debt.

20.     On April 13, 2010, at approximately 11:16 am, Plaintiff's attorney called Defendant and spoke with a female who identified herself as Koya.  Plaintiff's attorney informed Koya that he was an attorney and that he represented Plaintiff with respect to the alleged debt and that Defendant was to cease and desist all telephone contact with Plaintiff.

21.     On or about April 13, 2010, at 2:10 pm, Defendant called Plaintiff's cell phone.

22.     On or about April 14, 2010, at 2:36 pm, Defendant called Plaintiff's cell phone.

23.     On April 15, 2010, Plaintiff's attorney again called Defendant, and again spoke with a female who identified herself as Koya.  Koya acknowledged the previous conversation on April 13, 2010, and acknowledged that the Plaintiff was represented by counsel.

24.     A female identifying herself as Beverly Jones contacted Plaintiff's counsel on or about April 15, 2010.  Plaintiff's counsel again explained that he represented Plaintiff with respect to the alleged debt.

25.     For several weeks, up to and including April 13, 2010 through April 20, 2010, Defendant and the collectors employed by Defendant repeatedly and willfully contacted Plaintiff on her cellular telephone in an effort to collect this alleged debt.

26.     On or about April 15, 2010, at 10:46 am, Defendant called Plaintiff's cell phone.

27.     On or about April 15, 2010, at 11:09 am, Defendant called Plaintiff's cell phone.

28.     On or about April 15, 2010, at 4:43 pm, Defendant called Plaintiff's cell phone.

29.     On or about April 16, 2010, at 10:35 am, Defendant called Plaintiff's cell phone.

30.     On or about April 16, 2010, at 10:36 am, Defendant called Plaintiff's cell phone.

31.     On or about April 17, 2010, at 10:30 am, Defendant called Plaintiff's cell phone.

32.     On or about April 17, 2010, at 10:31 am, Defendant called Plaintiff's cell phone.

33.     On or about April 19, 2010, at 10:40 am, Defendant called Plaintiff's cell phone.

34.     On or about April 19, 2010, at 3:12 pm, Defendant called Plaintiff's cell phone.

35.     On or about September 20, 2010, Defendant called Plaintiff's cell phone.

36.   On several occasions, including on or about September 20, 2010, Plaintiff would leave a voicemail that said "This message is for Kylie Golden. If you are not Kylie Golden, please hang up or disconnect. If you are Kylie Golden please continue to listen to this entire message" or words to that effect.

37.   On other occasions, including on or about April 17, 2010, Plaintiff would leave a message that stated "I'm in my office today, so please give me a call back as soon as you can, remember, the number is 1-800-392-4029" or words to that effect.

### *Illegal Auto-Dialed Collection Calls*

38.   Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions and left pre-recorded messages on the Plaintiff's voicemail.

39.   Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions using an automatic telephone dialing system.

40.   Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions used artificial voices during calls to the Plaintiff.

41.   Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions used pre-recorded voices during calls to the Plaintiff.

42.   Defendant and its employees and agents repeatedly called Plaintiff on her cell phone using an automatic telephone dialing system, communicated with her using

artificial voices and left her voice mails on her cell phone in an attempt to collect this debt.

43.  Defendant and its collectors repeatedly called Plaintiff on her cell phone using an automatic telephone dialing system and left her voice mails on her cell phone in an attempt to collect this debt.

44.  On several of these calls, Plaintiff heard a message from Defendant telling her to return the call and leaving a reference toll free number.

### *Multiple Requests Cease and Desist Ignored*

45.  On or about April 13, 2010, Plaintiff informed Defendant that she was represented by an attorney, to contact her attorney directly, and not to contact the Plaintiff at any time.

46.  On numerous occasions Defendant was informed that Plaintiff was represented by counsel; including twice by phone on April 13, 2010 and April 15, 2010; and by letter, once on April 16, 2010 and twice on April 19, 2010.

47.  Plaintiff explicitly revoked any permission or consent Defendant may have had to call her cellular telephone number ending in 1196 and instructed Defendant to never call her cellular telephone ever again.

48.  Ignoring the Plaintiff's multiple requests, Defendant continued to call using an automated computerized dialer to cause her phone to ring and used a pre-recorded and/or synthesized voice to leave her messages.

49.    These calls and messages, made in willful violation of the TCPA, from Defendant to Plaintiff, also failed to provide Plaintiff with the notices required by M.C.L. § 445.252(g).

50.    These repeated autodialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the MCPA, including but not limited to M.C.L. § 445.252(a), (e), (f), (g), (h), (n), and (q), amongst others, as well as violations of the TCPA.

*Summary*

51.    All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the MCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as the TCPA.

**TRIAL BY JURY**

52.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 *et seq.***

53.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.   Within the four year period immediately preceding this action, the Defendant made numerous calls, which include, but are not limited to the dates and times referenced in paragraphs 19-37 of this Complaint, to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

55.   The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

56.   As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

57.   Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

58.   Defendant made such calls willfully, and in direct contradiction to the Plaintiff's April 13, 2010, demand to cease and desist calling her cellular telephone.

59.   Defendant made such calls willfully, and in direct contradiction to the demand of Plaintiff's counsel, on April 13, 2010, to cease and desist calling her cellular telephone.

60. Defendant made such calls willfully, and in direct contradiction to the written demands of Plaintiff's counsel, on April 16 and April 19, 2010, to cease and desist calling her cellular telephone.

61. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

62. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

63. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT II.

## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

## M.C.L § 445.251 *et seq.*

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*, with respect to Plaintiff.

66. Defendant violated M.C.L. § 445.252(a) when it communicated with the Plaintiff in a deceptive manner.

67.    Defendant violated M.C.L. § 445.252(a) when it communicated with the Plaintiff in a misleading manner.

68.    Defendant violated M.C.L. § 445.252(e) when it left a voicemail with the Plaintiff on or about April 17, 2010, because it did not reveal the purpose of a communication that was made in connection with collecting a debt.

69.    Defendant violated M.C.L. § 445.252(e) when it left a voicemail with the Plaintiff on or about September 20, 2010, because it did not reveal the purpose of a communication that was made in connection with collecting a debt.

70.    Defendant violated M.C.L. § 445.252(f) by misrepresenting the legal rights of the debtor each time it contacted Plaintiff after knowing that Plaintiff was represented by counsel.

71.    Defendant violated M.C.L. § 445.252(f) by misrepresenting the legal rights of the debtor each time it contacted Plaintiff after knowing that Plaintiff was represented by counsel.

72.    Defendant violated M.C.L. § 445.252(g) when it left a voicemail with the Plaintiff on or about April 17, 2010, because it did not accurately disclose the caller's identity.

73.    Defendant violated M.C.L. § 445.252(g) when it left a voicemail with the Plaintiff on or about September 20, 2010, because it did not accurately disclose the caller's identity.

74.     Defendant violated M.C.L. § 445.252(h) each time in communicated with the Plaintiff on and after April 13, 2010, the date the Plaintiff, and Plaintiff's counsel, told Defendant that the Plaintiff was represented by an attorney.

75.     Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressing, or abusive method to collect a debt each time it violated the TCPA, as detailed in the prior paragraphs of this Complaint.

76.     Defendant violated M.C.L. § 445.252(n) by using a harassing method to collect a debt each time in communicated with the Plaintiff on and after April 13, 2010, the date the Plaintiff, and Plaintiff's counsel, told Defendant that the Plaintiff was represented by an attorney.

77.     Defendant violated M.C.L. § 445.252(n) by using an oppressive method to collect a debt each time in communicated with the Plaintiff on and after April 13, 2010, the date the Plaintiff, and Plaintiff's counsel, told Defendant that the Plaintiff was represented by an attorney.

78.     Defendant violated M.C.L. § 445.252(n) by using an abusive method to collect a debt each time in communicated with the Plaintiff on and after April 13, 2010, the date the Plaintiff, and Plaintiff's counsel, told Defendant that the Plaintiff was represented by an attorney.

79.     Defendant violated M.C.L. § 445.252(n) by causing Plaintiff's cell phone to ring repeatedly on or about April 16, 2010, at 10:35 am, then again at 10:36 am.

80.     Defendant violated M.C.L. § 445.252(n) by causing Plaintiff's cell phone to ring repeatedly on or about April 17, 2010, at 10:31 am, then again at 10:32 am.

81.    Defendant violated M.C.L. § 445.252(n) by causing Plaintiff's cell phone to ring repeatedly, continuously, or at unusual times or places, which were known to Defendant to be inconvenient to the Plaintiff; to wit, each time Defendant communicated with the Plaintiff on and after April 13, 2010, the date the Plaintiff, and Plaintiff's counsel, told Defendant that the Plaintiff was represented by an attorney.

82.    Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

83.    As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

- for an injunction prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT II.

## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

## M.C.L. § 445.251 *et seq*.

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.


Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: April 11, 2014

 /s/ B. Thomas Golden
_____
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com